Shaw C. J.
Were the validity, effect and operation of a trust assignment, made by a failing debtor, for the avowed purpose of providing for the disposition of his property, and making a ratable distribution of the proceeds among his creditors, upon general principles of law, equity and expediency, so far as a court of law can properly take into view considerations of expediency, now for the first time drawn in question, the able argument of the plaintiff’s counsel maintaining the ground, tha‘ *419 the assignment in question vested the whole of the assigned property in the assignees, so as to bind all creditors and bar the right of attachment, whether the creditors generally, or creditors to any particular amount, had become parties to it or not, would certainly be entitled to great consideration. But this Court is not now at liberty to regard these as open questions. In the absence of a general bankrupt law, a series of judicial decisions has taken place upon this subject, extending over a period of nearly thirty years, founded upon the principles of law and equity, and the nature and extent of remedies as they existed at the time of these respective decisions, by which a system of rules of conduct and action, especially among the trading community, has been established, at least so far as such system can be established by judicial decision and precedent. Under this system, and in reliance upon it, contracts and transfers have been made, rights and remedies acquired, to a large extent ; and it would be inconsistent with the plain principles of justice now to disturb them, or.to change the law, in any other mode than by a legislative act, which should look only to the future, and guard by adequate provis"ons, all acquired and existing rights.[1]
This system recognizes the right of a creditor to attach the personal property of his debtor on mesne process, and to hold it as security for such judgment as he' may recover, being a right founded upon early colonial laws, and uniformly practised upon in this Commonwealth. It also recognizes the right of a debtor to give a preference to one or more of his creditors ; and by agreement with him or them, to transfer a portion or the whole of his property to them in satisfaction of a subsist ing debt, or as an indemnity against a subsisting suretiship u, other liability. Such property may consist, either in real or personal estate, or securities, or choses in action.
It is but a slight extension of this rule, that as the debtor may convey property to one or more of his creditors, in satisfaction of their debts, so he may convey to a third person, appointed by such creditors and for their use, or appointed in the first instance by the debtor, if the creditor afterwards assent to *420 and ratify such appointment. Or the assignee may stand in both characters, acting for himself to the extent of his own debt, and as a depositary and trustee for others, by their appointment or assent.
But if under a pretence of a conveyance for the benefit of creditors,, the debtor transfers his property upon any secret trust for himself, if it is attended with any of the known badges of fraud, not satisfactorily explained or removed, the conveyanee is void at law. As the transaction imports upon the face of it, that the grantor is insolvent, any voluntary or gratuitous conveyance or conveyance without an adequate consideration, is void as against creditors.
From these views of the law, as settled by a series of decisions, it is manifest, that in order to maintain á conveyance to trustees, by a failing debtor, for the benefit of creditors, against an attachment of a creditor not a party to such assignment, it must .appear that the assignment was made upon a valuable and adequate consideration, and in good faith, to satisfy or secure real existing debts, or to indemnify against actual and subsisting liabilities ; and as it appears, by the recitals and terms of such assignment, that the grantor is insolvent, and that no actual consideration in money or other equivalent, is paid by the grantees, such consideration must consist in the. faithful, application of the assigned property to the payment and discharge in part or in whole, of the assignor’s debts and liabilities, or. in an acceptance of the same in satisfaction, by the creditors and sureties 'to whom or to whose use it has been conveyed ; it must appear that such conveyance has been accepted in payment or satisfaction, by such creditors and sureties, .in order to make such transfer complete and available against attaching creditors.
It has been argued in the present case, that as the assignment does not in.terms require the creditors, by becoming parties to it, to release their debts, or take upon themselves any other onerous condition, and as the assignment must of nécessity therefore operate as a benefit to them, their assent is to be presumed. But the Court are strongly inclined to the opinion, that this circumstance of not executing a release, makes no substantial difference, and therefore that in conformity to a *421 series of decisions, it must be held, that the assignment of the whole or the bulk of an insolvent debtor’s property, to assignees selected wholly by himself, and without the knowledge of the creditors, in trust to dispose of the same upon such terms as the debtor alone thinks fit to impose, and to distribute the proceeds among the creditors, does not appear to be so plainly beneficial to them as to come within the principle relied upon in the argument, upon which their assent is to be presumed.[1] It must be considered that by assenting to and affirming such assignment, the creditors do in effect consent that the whole of such insolvent’s available property, instead of being applied to the satisfaction of their debts, according to the rules of law, and under the direction of the creditors themselves, shall go into the hands of a stranger, appointed by the debtor, and under his direction. We think it would be difficult to presume without proof, that the creditors have assented to an arrangement which thus defeats their legal remedies, .especially against a creditor, who by bringing his suit and attaching the property, has expressed his dissent from, and disaffirmance of the assignment.
But this point does not necessarily arise in the present case. It does not appear that there were creditors whose debts would be sufficient to absorb the assigned property, even if their assent, without their becoming parties, could be presumed. It appeared in evidence, that a large amount of property was assigned, and that the amount due the assignees and those whom they represented, was small. In this state of the evidence, it was ruled, that the burden of proof was upon the defendant to impeach the consideration, as being fraudulent against creditors. Such is undoubtedly the rule, in ordinary cases of the conveyance of property, impeached oh the ground of being intended to delay or defeat creditors and fraudulent upon that ground.
But for the reasons before stated, a different rule prevails where the assignment, on the face of it, purports to be made *422 by an insolvent debtor to trustees, for the use of creditors, and where the conveyance does not purport to be made upon consideration of money paid. There we think the burden of proof is upon the assignees’ to show an adequate consideration for. the assignment. What is an adequate consideration, depends much upon circumstances which may be extremely various, and in regard to which it is not now necessary to express any opinion.
The Court are all of opinion, that in the state of the proof upon the trial of this cause, the suggestion from the court, that the burden of proof was upon the defendant, and that the plaintiffs as assignees, were under no necessity of proving the existence of their own debts or of the debts of other creditors, as a consideration for the assignment, was incorrect, and therefore that there must be a new trial.

 See St. 1838, c. 163 ; St. 1836, c. 238.

 See Copeland v. Weld, 8 Greenleaf, 411; Brewer v. Pitkin, 11 Pick. 298; Bradford v. Tappau. 11 Pick. 76; Fall River Iron Works Co. v. Croada, 15 Pick. 11; Todd v. Bucknam, 2 Fairfield, 41; Wiley V. Collins, 2 Fairfield ,193; Cunningham v. Freeborn, 11 Wendell, 240.